# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Cr. A. No. 04-30025-01 |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **HOWARD CALVIN HARRIS, JR.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING ON OBJECTIONS TO PRESENTENCE REPORT

Defendant raised certain objections to the Presentence Report. The Court resolves those objections as follows:

**Objection #1:** Defendant objects to certain alleged factual inaccuracies in the Presentence Report. Additionally, he objects to paragraph 25 of the Presentence Report because he is held responsible for 77.2 kilograms of marijuana when he was found not guilty of possession with intent to distribute marijuana.

Defendant correctly states that he was found not guilty of possession with intent to distribute marijuana. However, he was found guilty of conspiracy to possess with intent to distribute marijuana. Accordingly, the 77.2 kilograms of marijuana being transported by Co-Defendant Christopher Turner were properly attributed to defendant. This portion of his Objection #1 is DENIED.

As to the remaining factual inaccuracies, Defendant objects that the trial testimony of Turner did not support the factual statements contained in paragraphs 15, 16, 23, 24, and 25 of the Presentence Report.

1

Having reviewed the trial testimony, the Court finds that Defendant is correct. Turner's testimony was not consistent with the statements contained in the objected-to paragraphs of the Presentence Report. The statements in the Presentence Report were based on a statement prepared by the case agent after interviewing Turner. Under these circumstances, the portion of Defendant's Objection #1 to paragraphs 15, 16, 23, 24, and 25 of the Presentence Report is granted in part. The statements will remain in the Presentence Report as consistent with the earlier statement made to the case agent. However, the Probation Office is ordered to attach a copy of the transcript of Turner's trial testimony to the Presentence Report.

**Objection #2:** Defendant objects to paragraph 33 of the Presentence Report because he contends that it is the Government's fault that he did not plead guilty and that he should receive a reduction in his offense level for acceptance of responsibility.

Pursuant to U.S.S.G. § 3E1.1, comment 2, an adjustment for acceptance of responsibility does not apply to a defendant who puts the Government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. In rare situations, a defendant may still obtain a reduction for acceptance of responsibility if he does not challenge his factual guilt, but goes to trial to assert and preserve issues such as a constitutional challenge to a statute or to the applicability of a statute to his conduct.

In this Case, Defendant did challenge his factual guilt to all charges. While he was found not guilty of two counts of the indictment, he was also found guilty of two other counts. Under these circumstances, Defendant has not shown that he should receive an adjustment for

acceptance of responsibility.

Defendant's Objection #2 is DENIED.

**Objection #3:** Defendant objects to paragraph 35 of the Presentence Report on the basis that the relevant conduct should only include acts of which Defendant has been found guilty.

Pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), a sentencing court may consider any alleged facts set forth in the Presentence Report without violating Defendant's Sixth Amendment rights because the sentencing guidelines are no longer mandatory. Further, the Supreme Court instructs that the court's concern in sentencing should be to address the "real conduct that underlies the crime of conviction." *Id.* At 759.

As properly stated in the Presentence Report, pursuant to U.S.S.G. § 1B1.3, conduct that is relevant to determining the applicable guideline range includes all acts and omissions committed by defendant and for which the defendant would otherwise be accountable that occurred during the commission of the offense, in preparation of the offense, in the course of attempting to avoid detection or responsibility for the offense, or was otherwise in furtherance of the offense.

Defendant's Objection #3 is DENIED.

**Objection #4:** Defendant objects to paragraphs 36 and 37 of the Presentence Report detailing the calculation of his base offense level.

The Court assumes that Defendant objects that he was improperly assessed points for the marijuana found with Co-Defendant Christopher Turner. However, as discussed in the ruling on Defendant's Objection #3, the Court may properly consider all relevant conduct in

determining what the advisory guidelines sentence might be. In this case, Defendant was found guilty of conspiracy to possess with intent to distribute marijuana, and the Presentence Report properly includes the 77.2 kilograms of marijuana found with Turner as part of Defendant's relevant conduct.

Defendant's Objection #4 is DENIED.

**Objection #5:** Defendant also objects because he was given a two-point enhancement under Section 3B1.1 for helping Co-Defendant Limberly Lang direct the actions of Co-Defendant Turner. He contends that he was not a leader.

In the addendum to the Presentence Report, the probation officer points out that Defendant was enhanced as a supervisor, not a leader. Pursuant to U.S.S.G. § 3B1.1(c), Defendant was enhanced 2 points for being an organizer, leader, manager, or supervisor in a criminal activity. After reviewing the trial testimony of Co-Defendants Christopher Turner and Kimberly Lang, the Court agrees with Defendant that he should not be enhanced two points under this section. While the Court agrees with the probation officer's assessment that more than one person may serve in a supervisory role, in this particular case, the Court is not persuaded by a preponderance of the evidence that Defendant held a supervisory role.

Defendant's Objection #5 is GRANTED IN PART, and his overall offense level is reduced to 32.

On the other hand, the evidence indicates that Defendant held more than a minimal or minor role. Therefore, to the extent that he contends he should receive a reduction on the basis of his role in the offense, his Objection #5 is DENIED IN PART.

**Objection #6:** Defendant objects again to paragraphs 36 and 37 of the Presentence

4

Report because the calculations include marijuana. For the reasons previously discussed, Defendant's Objection #6 is DENIED.

**Objection #7:** Defendant objects to his base offense level of 34 because he contends that there is no justification for his sentence being four times greater than that of Co-Defendant Kimberly Lang.

In effect, Defendant is seeking a downward deviation from the sentencing guideline range on the basis of sentencing disparities. Prior to the Supreme Court's decision in *Booker,* courts were authorized pursuant to U.S.S.G. § 5K2.0(2) to depart from the sentencing range for a defendant if the guidelines did not adequately take a mitigating circumstance into consideration. In the post-Booker regime, district courts must consider the factors set forth in 18 U.S.C. § 3553(a), including (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and to afford adequate deterrence to criminal conduct; (3) pertinent sentencing commission policy statements; and (4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Defendant has raised the issue of sentencing disparity between Co-Defendant Kimberly Lang and himself.

At the hearing in this matter, counsel for the Government pointed out that Lang pled guilty to one count of the indictment while Defendant was found guilty of two counts. Additionally, Lang was eligible for application of the safety valve provision and received the benefit of a 5K1.1 motion because of her substantial assistance to the government.

While the Fifth Circuit has recognized the sentencing disparities may be a ground from deviation from the guidelines, for the reasons pointed out by the Government, the court finds that this is not the type of case where deviation is appropriate. Accordingly, Defendant's motion for downward deviation, styled as Objection #7, is DENIED. The Court notes, however, that Defendant's offense level of 34 has been reduced to 32 pursuant to the Ruling on Defendant's Objection #5.

**Objection #8:** Defendant objects to the conclusion in paragraph 67 of the Presentence Report that he may be able to pay a fine in monthly installments.

No revision to the Presentence Report is warranted. The probation officer has merely pointed out what Defendant himself stated in letters to this court: that he has marketable skills and good record of employment. However, as the Court will not order a fine, this objection is moot. Objection #8 is DENIED.

**Objection #9:** Defendant points out that the guidelines are no longer mandatory and argues that all the Co-Defendants in this case should be placed on a more level playing field because he is no more culpable than other people arrested.

Defendant's objection is again essentially a request for downward deviation. For the reasons discussed in the ruling on Defendant's Objection #7, Objection #9 is also DENIED.

**Safety valve:** At the hearing held on November 7, 2005, Defendant raised another objection. He contends that the safety valve provisions set forth in 18 U.S.C. § 3553(f) should be applied in this case. The Court would then be permitted to deviate below the statutory minimum in sentencing defendant.

Section 3553(f) provides as follows:

6

> . . . the court shall impose a sentence . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that–
>
> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence that the defendant has concerning an offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

In this case, Defendant has met the first four requirements.

However, the Government contends that he has failed to meet the fifth and final requirement of truthfully providing to the Government all information and evidence regarding

his crimes. Under Section 5C1.2, Defendant bears the burden of demonstrating that he has met this requirement. *See United States v. Flanagan*, 80 F.3d 143, 146 (5th Cir. 1996).

In support of its contention, the Government presented the testimony of the case agent, Vic Zordan, who testified that Defendant was interviewed after his arrest. According to Zordan, Defendant first stated that the drugs had been provided by Mexicans and gave Zordan the impression that he did not have a significant role. After Zordan interviewed one of the Co-Defendants, Defendant asked to speak with Zordan again. He then relayed that he had dealt with the persons who provided the drugs three or four times previously. A little over one month later, Zordan met with Defendant to take a proffer statement from him. Defendant then described a different sequence of events. Zordan testified that there were three different versions of events and that all three of these versions were different from the information provided by Co-Defendants Turner and Lang. He further testified that none of the information provided by Defendant was helpful and that agents were unable to use the information in any way. Zordan contacted an agent in Dallas and asked him to follow up on the information provided by Defendant. The agent contacted the person Defendant identified as the drug source and obtained his permission to search his home. However, no drugs were found.

The Government also points out that, during trial, Defendant gave a fourth version of what happened.

The Court finds that Defendant failed to meet the fifth requirement for application of the safety valve provision. It is of no consequence that the information provided by Defendant was not useful or that the Government may have already been aware of the information. However, Defendant must have truthfully provided to the Government all information and

evidence that he had concerning all offenses that were part of the same course of conduct or of a common scheme or plan. In this case, Defendant gave agents three different versions of events. Then at trial, according to the Court's own recollection and its review of the trial transcript, Defendant claimed that Zordan coached their entire conversation and that none of the statements were true. Under these circumstances, the Court finds that Defendant did not truthfully provide the Government all information he has, and he is not entitled to application of the safety valve provision. Defendant will be sentenced at an offense level of 32.

MONROE, LOUISIANA, this 6th day of December, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE